**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01407-GPG-KAS

ERIC SINCLAIR,

Plaintiff,

v.

SCHOOL DISTRICT NO. 1 a/k/a DENVER PUBLIC SCHOOLS,

Defendant.

---

## PLAINTIFF'S PARTIAL OPPOSITION TO CONSOLIDATION

---

Plaintiff Eric Sinclair, through undersigned counsel, in accordance with the Court's June 1, 2026 Order [Doc. No. 60], submits the following Partial Opposition to Consolidation. In support of this Partial Opposition, Plaintiff states as follows:

## PROCEDURAL POSTURE

Plaintiff filed this action (the "Sinclair Case") in Denver District Court on March 21, 2025. On May 5, 2025, Defendant School District No. 1 a/k/a Denver Public Schools ("DPS") filed a Notice of Removal. On May 16, 2026, DPS also filed a Motion to Dismiss. This case was originally assigned to Judge William J. Martinez, but that assignment did not occur until June 20, 2025.

Plaintiff Jerald W. Mason filed his action (the "Mason Case"), also in Denver District Court on March 19, 2025. Similarly, DPS filed a Notice of Removal on May 1, 2025, and a Motion to Dismiss on May 12, 2025. The Mason Case was originally assigned to Judge John L. Kane. On June 26, 2025, the Sinclair Case was reassigned

to Judge Kane [Doc. No. 33], thereby placing both the Sinclair Case and the Mason Case and both Motions to Dismiss before the same Article III judge. However, on June 26, 2025, Judge Kane exercised his prerogative as a Senior Judge and requested the Sinclair Case be reassigned. [Doc. No. 34.] At that point, the matter was assigned to District Judge Gordon P. Gallagher.

As to the specific question posed by this Court in its minute order of June 1, 2026 [Doc. No. 60], the undersigned counsel did not consider filing a Notice of Related Cases pursuant to D.C.COLO.LCivR 3.2 because both cases had already been assigned to Judge Kane, but Judge Kane had affirmatively rejected this case. For that oversight the undersigned counsel apologize.

**PARTIAL OPPOSITION TO CONSOLIDATION**

The Court sua sponte raises the issue of consolidation of the above-captioned matter with the matter captioned *Mason v. School District No. 1*, 25-cv-01369-GPG-KAS. Plaintiff partially opposes consolidation.

Fed. R. Civ. P. 42(a) states that, if actions before the court involve a common question of law or fact, the court may join for hearing or trial any matters at issue, may consolidate, or may issue any other orders to avoid unnecessary cost or delay. "A district court has the discretion to consolidate separate actions for pretrial proceedings or trial if the cases involve a common issue of law or fact." *Blagg v. Line*, 09CV0703, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010)(citing Fed. R. Civ. P. 42(a)); *American Emp. Ins. Co. v. King Resources Co*., 545 F.2d 1265, 1269 (10th Cir. 1976); *Skirvin v. Mesta*, 141 F.2d 668, 672 (10th Cir. 1944)); *MacAlister v. Guterma*, 263 F.2d

65, 68 (2d Cir. 1958)(finding Rule 42(a) confers the authority to consolidate for purposes other than trial, such as motions practice and pretrial procedures).

At this time, Plaintiff Sinclair opposes consolidation **as to trial** but does not oppose consolidation for purposes of discovery and pretrial proceedings. Plaintiff agrees there are common issues of law and fact between the two cases, and it makes sense to consolidate the two cases as to discovery and pre-trial proceedings; however, Plaintiff Sinclair is concerned that given the nuanced and fact-intensive nature of proving Fourteenth Amendment Substantive Due Process claims against DPS (see, *e.g.*, this Court's analysis of the claim in the Order of March 25, 2026 [Doc. No. 47], at pages 7-13), the evidence related to Mr. Sinclair's five remaining claims may be different than the evidence related to Mr. Mason's two remaining claims. Moreover, the injuries and damages suffered by Mr. Sinclair and Mr. Mason will be different. As such, Plaintiff Sinclair proposes the Court consolidate the two cases for discovery and pre-trial proceedings and that the parties and the Court revisit consolidation for trial at the close of discovery and/or dispositive motions, if any. At that time, the parties should be better able to address any issues of convenience and prejudice as appropriate.

WHEREFORE, Plaintiff Sinclair requests this Court consolidate solely for purposes of discovery and pretrial proceedings at this time.

Respectfully submitted this 8th day of June, 2026.

**OGBORN MIHM, LLP**

*s/ Nicole M. Quintana*
Nicole M. Quintana, Atty. Reg. No. 42675
Michael T. Mihm, Atty. Reg. No. 14768
Clayton E. Wire, Atty. Reg. No. 41717

1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
(303) 592-5900
nicole.quintana@OMTrial.com
michael.mihm@OMTrial.com
clayton.wire@OMTrial.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this 8th day of June, 2026, I electronically filed the foregoing **PLAINTIFF'S PARTIAL OPPOSITION TO CONSOLIDATION** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following email addresses:

Andrew D. Ringel, Esq.
Sophie N. Kaineg, Esq.
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202-2052
Telephone: (303) 628-3300
ringela@hallevans.com
*Attorneys for Defendant*

*s/ Marlena Stogsdill*
Marlena Stogsdill, Legal Assistant